```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


Karen A. Kerin and others     :
similarly situated,           :
        Plaintiff,            :
                              :
        v.                    :    File No. 2:06-CV-244
                              :
State of Vermont Judicial     :
Bureau,                       :
        Defendant.            :
```

OPINION AND ORDER
(Papers 3, 8 and 9)

On March 31, 2006, *pro se* plaintiff Karen Kerin was stopped for speeding on a rural road in Barnard, Vermont. A ticket was issued, which Kerin decided to challenge on the ground that it "represented unwarranted entrapment for the purposes of revenues to the Town of Barnard, the Windsor Sheriff's Department and the State of Vermont." See Complaint at 4. Kerin now claims that, in the course of challenging her citation, she was denied due process. She also claims that charging appeal fees violates the Vermont Constitution, and that allowing towns to post speed limits and share in the fines assessed constitutes extortion.

Defendant State of Vermont Judicial Bureau ("Judicial Bureau") has moved to dismiss, arguing that

Kerin's claims are barred by sovereign immunity, the Rooker-Feldman doctrine, and failure to state a claim. For the reasons set forth below, the motion to dismiss is GRANTED and this case is DISMISSED for lack of jurisdiction. All remaining motions are DENIED as moot.

## Factual Background

For purposes of the Judicial Bureau's motion to dismiss, the factual allegations in the complaint will be accepted as true. On March 31, 2006, Kerin was traveling from Bethel to Barnard, Vermont on "the so called North Road." Part of the road was under construction, and part was newly paved. The posted speed limit was 35 miles per hour. Kerin concedes that she "possibly increased speed to something over thiry-five (35) miles per hour on the newly paved portion . . . ." Complaint at 3.

Kerin was stopped by a deputy sheriff and cited for driving in excess of ten miles per hour over the limit. She alleges that "[o]nly on that improved portion of the road was an effort at speed control made owing to the terrible condition of the road, hence appearing, if not actually, constituting entrapment." Id. Kerin opted to contest the ticket, but claims that she was never

notified of a hearing date.  She subsequently received a notice informing her that her failure to appear had resulted in a conviction and fine.

When Kerin notified the judicial bureau, in writing, that she had never been provided a hearing date, she received a phone call from judicial bureau staff informing her that an appeal required the payment of a fee.  Kerin argued that the fee violated the Fourth Amendment of the Vermont Constitution.  "This argument resulted in a suggested lower fee for a rehearing by the person at the judicial bureau, which again plaintiff protested based on, Article 4th of the Vermont Constitution."  Id. at 4.

Kerin next alleges that "the argument was terminated by the judicial bureau until plaintiff received a notice dated 13 October, 2006 informing plaintiff that the District Court had made a decision and a fine . . . was due by November 13, 2006."  Id. at 5.  Kerin claims that, again, she had no notice or opportunity to be heard.  Accordingly, she claims that she has been denied due process.  Kerin further alleges that traffic fines have a disproportionate impact on low income citizens and their

right to travel.  Finally, Kerin argues that allowing towns to post speed limits and to share in the revenues from fines "offend[s] the constitutional protections regarding extortion."  Id. at 8.  She brings her claims on behalf of herself and others similarly situated.

## Discussion

The Judicial Bureau has moved to dismiss pursuant to Rule 12(b)(1) on the basis of lack of subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  In considering a Rule 12(b)(1) motion, the allegations contained in the complaint are deemed true, and the court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question.  See id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).  It is the plaintiff's burden to establish proper jurisdiction by a preponderance of evidence. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir.

1996).

In arguing lack of subject matter jurisdiction, the Judicial Bureau contends that it is protected from suit in federal court by virtue of Vermont's sovereign immunity.  In a federal action, state sovereign immunity is asserted through the Eleventh Amendment, which bars federal court jurisdiction over the a State unless there has been an explicit waiver or abrogation of that State's immunity.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 55 (1996).  This bar exists regardless of the nature of the requested relief.  See Seminole Tribe, 517 U.S. at 58.

The Vermont Judicial Bureau, as an arm of the judicial branch of the State of Vermont, 4 V.S.A. § 1102, is protected by Vermont's sovereign immunity.  See Pennhurst, 465 U.S. at 100 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") There is no indication that Congress has sought to abrogate Vermont's sovereign immunity with respect to the

Judicial Bureau, or that the Vermont legislature has consented to suits against the Judicial Bureau in federal court.  Consequently, this Court has no jurisdiction to hear Kerin's claims.

In response to the Judicial Bureau's Eleventh Amendment argument, Kerin contends that the Eleventh Amendment is inapplicable since she "is neither a citizen of another state or of any foreign state."  (Paper 15-1 at 3).  The Supreme Court has explained, however, that "[t]o rest on the words of the Amendment alone would be to engage in the type of ahistorical literalism we have rejected in interpreting the scope of the States' sovereign immunity . . . ."  Alden v. Maine, 527 U.S. 706, 730 (1999).  Accordingly, the Court has held that the Eleventh Amendment bars suits against a State "in federal court by her own citizens as well as by citizens of another state."  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  Because Kerin is a private citizen suing a state entity in federal court, and because there has been no valid waiver or abrogation of the State's sovereign immunity, this Court has no jurisdiction to hear her claims.  Accordingly, the Judicial Bureau's motion to

dismiss is GRANTED.

## Conclusion

For the reasons set forth above, the State of Vermont Judicial Bureau's motion to dismiss for lack of jurisdiction (Paper 8) is GRANTED.  Kerin's motion for immediate stay of her license suspension (Paper 3) and her motion for sanctions against the Vermont Attorney General (Paper 9)[1] are DENIED as moot.  This case is DISMISSED.

Dated at Burlington, in the District of Vermont, this day 19th of April, 2007.

        /s/ William K. Sessions III
        William K. Sessions III
        Chief Judge, United States District Court

---

[1] To the extent that the motion for sanctions might be construed as a motion for default judgment, the Court finds that the Judicial Bureau's motion to dismiss was timely filed pursuant to Fed. R. Civ. P. 4(d).